UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :    99 Cr. 0157 (DLC)
                                         :
          -v-                            :    MEMORANDUM OPINION
                                         :       AND ORDER
OSCAR MONZON,                            :
                    Defendant.           :
                                         :
-----------------------------------------X

APPEARANCES:

For the United States of America:
Ryan P. Poscablo
Assistant United States Attorney
U.S. Attorney's Office, S.D.N.Y.
One St. Andrew's Plaza
New York, NY 10007

For defendant:
Michael A. Young, Esq.,
165 Christopher Street
New York, NY 10014

DENISE COTE, District Judge:

    This Order permits Michael Young to represent Oscar Monzon in connection with Monzon's January 27, 2009 motion seeking resentencing pursuant to a retroactive application of the amended sentencing guidelines for offenses involving cocaine base, also known as crack, pursuant to 18 U.S.C. § 3852 ("Section 3852").  It also sets a new schedule for submissions.

    Monzon's brief in support of the motion was originally due July 30, 2010.  On November 4, counsel was appointed to represent Monzon in connection with the motion.  After a series

of adjournments, on March 2, 2011, permission was granted to extend the submission deadline to April 1, 2011.  Monzon was advised that no further extension would be granted.  On March 4, Monzon's application for the appointment of replacement counsel was denied.

On March 31, Michael Young advised the Court that he had been retained to represent Monzon, and requested an extension to May 1 to serve the submission on the motion.  Young did not address whether his prior representation of a witness against Monzon created a conflict that prevented him from representing Monzon.  Orders of April 1 and April 11 required the Government and Young to address the conflict issue.

As the Government correctly explains, Monzon has no right to counsel in connection with his application.  Moreover, to the extent that Young is representing Monzon in a matter that is "substantially related" to the matter in which he represented another client and Monzon's interests are "materially adverse" to the interests of the former client, then Young cannot represent Monzon without the informed, written consent of his former client.  New York Rules of Prof'l Conduct R. 1.9(a) (effective April 1, 2009).

Young has not obtained written consent from his former client for Young to represent Monzon and does not propose to do

so. Young argues in an April 29 letter, in essence, that such consent is not required since his representation of Monzon will not touch upon Monzon's guilt or innocence or seek a mitigation of Monzon's sentence based on any reference to the underlying criminal conduct. Instead, Young proffers that his representation will be confined to presenting a legal argument about the extent to which Section 3852 applies to Monzon.

Accepting Young's representation about the extent and nature of the representation he is providing to Monzon, he will be permitted to appear on Monzon's behalf in this matter and to file a submission in support of Monzon's motion without obtaining written consent from his former client. Any submission from Monzon is due May 20, 2011; any reply from the Government is due June 3, 2011.

SO ORDERED:

Dated:   New York, New York
         May 4, 2011

                                     _____
                                            DENISE COTE
                                     United States District Judge

COPIES SENT TO:

Ryan P. Poscablo
U.S. Attorney's Office
One Saint Andrew's Plaza
New York, NY 10007

David Touger
Peluso & Touger
70 Lafayette Street
New York, NY 10013

Oscar Monzon
49173-054
M.D.C. Brooklyn
80-29th Street
Brooklyn, NY 11232