UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :        99 Cr. 0157 (DLC)
                                         :
                -v-                      :        OPINION AND ORDER
                                         :
OSCAR MONZON,                            :
                                         :
                     Defendant.          :
                                         :
----------------------------------------X

APPEARANCES:

For the United States of America:
Ryan P. Poscablo
Assistant United States Attorney
U.S. Attorney's Office, S.D.N.Y.
One St. Andrew's Plaza
New York, NY 10007

For defendant:
Michael A. Young, Esq.,
165 Christopher Street
New York, NY 10014

DENISE COTE, District Judge:

     Oscar Monzon seeks a reduced sentence on the ground that

the sentencing court did not make sufficient factual findings to

support the determination that he was responsible for the

distribution of crack cocaine.  For the following reasons, the

application is denied.

BACKGROUND

Monzon was convicted following trial on November 3, 2000, of three counts of conspiring to distribute 50 grams or more of crack cocaine; conspiring to commit extortion; and extortion. Prior to trial the Government had filed a prior felony offender information.

Using the November 1, 2000 Guidelines Manual, the Presentence Report arrived at a base offense level of 38.  It found that Monzon's criminal activity involved a conspiracy to distribute at least 9.62 kilograms of cocaine base and 15.6 kilograms of cocaine.  As described in the report, the evidence at trial established that Monzon's co-conspirators sold crack under the brand name "Rambo" from Monzon's drug spot from October 1997 until January 26, 1999 at the rate of 62 grams of crack per week, for a total of 9.62 kilograms of crack over 156 weeks, and 100 grams of cocaine per week, for a total of 15.6 kilograms of cocaine.  From February 1996 until January 1999, the co-conspirators paid rent of $1,500 to $2,000 per week to Monzon for use of the drug spot and his brand name for the crack.

At his sentencing on November 28, 2001, the Honorable Robert J. Ward addressed the objections made by Monzon to the report's calculation of the base offense level as 38.  Monzon

had argued in a letter of March 12, 2001, that he did not
control the drug activity that took place in New York from 1996
to 1999, because he had moved to Florida in 1996.  The
Government argued that the defendant personally sold over 1.6
kilograms of crack cocaine before moving to Florida and that he
remained responsible for the sale of crack and powder cocaine
from his drug spot after he moved south.

Judge Ward found that the evidence at trial established
that Monzon was responsible for the drug trafficking from the
drug spot even after he moved to Florida.  The judge noted that
Monzon profited from the sales of crack cocaine and that those
sales were reasonably foreseeable to him.  Two co-conspirators
paid him rent for the right to sell crack at the drug spot and
for the use of Monzon's brand name "Rambo" for the drug.  Thus,
Judge Ward found that the Probation Department's calculation of
the base offense level of 38 was "correct."

Monzon's offense level was 44 and his criminal history
category was IV, leading to a Guidelines range of life
imprisonment.  Judge Ward imposed a sentence of life
imprisonment.

Represented by new counsel on appeal, Monzon challenged his
conviction on a number of grounds, including a claim that his
trial attorney provided ineffective assistance of counsel at

sentence.  In a summary order, the Court of Appeals affirmed the conviction on June 25, 2003.  In rejecting a challenge to the sufficiency of the evidence, the appellate court described the trial testimony of Monzon's co-conspirators, specifically their evidence that Monzon gave them a weekly supply of 100 grams of powder cocaine and 62 grams of crack stamped with Monzon's brand name "Rambo" during the period 1995 to 1996.  And, even after Monzon moved to Florida in 1996, Monzon "continued to profit from the sale of crack and cocaine" which those co-conspirators sold since Monzon demanded that they pay him rent at the rate of $2,000 per week "for the privilege of operating that [drug] spot."  The Court of Appeals also rejected challenges to the verdict form that inquired whether the drug conspiracy involved 50 grams or more of crack.

Monzon filed a petition for a writ of habeas corpus, which was denied on March 14, 2007.  The denial was affirmed on appeal on September 24, 2008.

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to lower the Guideline sentencing range for certain categories of offenses involving crack.  On December 1, 2007, the Sentencing Commission authorized the retroactive application of the amendment.

Monzon brought a motion for a sentence reduction pursuant
to 18 U.S.C. § 3582(c)(2) on January 27, 2009.  Monzon sought
resentencing to the 20-year mandatory minimum sentence to which
he is subject.  Monzon principally relied on the amendment to
the crack guidelines, and his argument that a hearing was
necessary to establish the amount of crack properly attributed
to him beyond the 50 grams found by the jury in its special
verdict.  The Government responded on May 21, 2010 that Monzon
was not eligible for a sentence reduction pursuant to the
amendments to the crack guidelines.  It explained that since the
crack amount was greater than 4.5 kilograms, Monzon's base
offense level was still 38, and there was no adjustment to his
sentence based on the amendments to the crack guidelines.

On June 15, 2010, the Court appointed counsel to represent
Monzon and file a response by July 30.  After obtaining a number
of adjournments, on October 28 appointed counsel asked to be
relieved.  On November 3, the Court appointed replacement
counsel for Monzon.  Through a letter of February 28, 2011,
replacement counsel advised the Court that his research led him
to agree with the Government that Monzon did not qualify for any
of the relief he sought in his motion.  The letter requested an
extension of time so that Monzon could study the research
collected by his counsel.  Finally, counsel conveyed Monzon's

5

request that the attorney be appointed to represent Monzon on other issues not raised by the January 27, 2009 motion.

On March 2, 2011, the Court responded to the February 28 letter as follows: "Counsel was appointed to represent the defendant in connection with the defendant's 1/27/09 motion. The defendant's submission was originally due July 20, 2010. The request for an extension is granted to April 1, 2011. There shall be no further extension. The issues to be addressed are solely those presented by the 1/27/09 motion. The Government's reply is due April 15, 2011." On March 4, the Court denied Monzon's request that new counsel be appointed.

On March 31, the day before Monzon's reply was due, Michael Young wrote to advise the Court that Monzon had retained him and to request an extension to May 1. The letter did not indicate that it was served on the Government or explain why Mr. Young did not have a conflict of interest that prevented him from representing Monzon. Mr. Young has been the attorney for one of Monzon's co-conspirators. Several submissions regarding the conflict issue were served in the weeks that followed. Ultimately, Mr. Young argued that it was unnecessary for him to obtain the permission of his prior client to represent Monzon because his representation of Monzon would not touch upon Monzon's guilt or innocence or seek a mitigation of his sentence

based on any reference to the underlying criminal conduct.  Mr.
Young indicated that his representation would be confined to
presenting a legal argument about the extent to which § 3582
applies to Monzon.  Accepting that representation, Monzon's
reply was scheduled for May 20.  On May 24, Mr. Young's request
for an extension to June 3 was granted.

Mr. Young filed his submission on June 3.[1]  The Government
responded on June 15, 2010.


DISCUSSION

Monzon argues that Judge Ward failed to find explicitly
that Monzon was responsible for the distribution of a quantity
of crack cocaine that would support a base offense level of 38.
Defense counsel also contends that the Presentence Report failed
to cite any evidence to support its calculation that Monzon was
responsible for the sale of 62 grams of crack and 100 grams of
cocaine per week for 156 weeks, or a total of 9.62 kilograms of

---

[1]    In contravention of Mr. Young's representation, his June 3
submission is not confined to a legal argument about the extent
to which § 3582 applies to Monzon.  Instead, it relies
extensively on arguments about the substance of the Monzon
sentencing proceeding.  Nonetheless, because Monzon's motion has
been pending since January 2009, and because the apparent
conflict of interest in Mr. Young's representation of Monzon may
be to the detriment of his former client and not to Monzon, the
submission will be considered.

crack and 15.6 kilograms of cocaine.  Monzon contends that he
may only be held responsible for the distribution of the 50
grams of crack reflected in the verdict returned by the jury.
Applying Guidelines Amendments 706 and 711, Monzon contends that
his base offense level is 26, his total offense level is 32, and
his Guidelines range is 168 to 210 months' imprisonment, that
is, below the mandatory minimum term of imprisonment of 240
months.

Monzon's application mischaracterizes the record.  As
summarized above, the Presentence Report described the trial
evidence on which it relied to calculate the 9.62 kilograms of
crack it attributed to Monzon when calculating his base offense
level of 38.  When Monzon's counsel at sentence challenged that
calculation, Judge Ward explicitly addressed the objection and
explained his basis for adopting the base offense level
calculation in the Presentence Report.  Indeed, in addressing
the defendant's challenge to his conviction on the ground that
the trial evidence was insufficient to support the verdict, the
Court of Appeals relied on the same trial evidence to find that
Monzon was properly held responsible for the distribution of
crack cocaine even after he had moved to Florida.

Because Monzon was found responsible at the time of his
sentencing proceeding for the distribution of 9.62 kilograms of

8

crack, he is not eligible for a sentence reduction pursuant to
§ 3582, and Sentencing Guidelines Amendments 706 and 711.  Under
the current Sentencing Guidelines, the distribution of 4.5
kilograms or more of crack leads to a base offense level of 38,
the same base offense level adopted by Judge Ward when he
sentenced Monzon.  Since amendments to the crack guidelines have
not lowered Monzon's applicable Guidelines range, his sentence
may not be lowered due to the existence of the amendments.
Sentencing Guidelines § 1B1.10(a)(2).  Monzon's related request
for a plenary resentencing proceeding at which the Court may
consider each of the 18 U.S.C. § 3553(a) factors must also be
denied.  United States v. Mock, 612 F.3d 133, 136-137 (2d Cir.
2010).


CONCLUSION

     Monzon's January 27, 2009 § 3582(c)(2) motion is denied.
In addition, the Court declines to issue a certificate of
appealability.  Monzon has not made a substantial showing of a
denial of a federal right, and appellate review is therefore not
warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).
The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this Order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438, 445 (1962).


        SO ORDERED:

Dated:    New York, New York
          July 1, 2011


                        _____
                              DENISE COTE
                        United States District Judge

10

appeal from this Order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438, 445 (1962).


    SO ORDERED:


Dated:    New York, New York
          July 1, 2011

                                _____
                                    DENISE COTE
                                United States District Judge

10