```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
OSCAR MONZON,                           :   13 Civ. 1943 (DLC)
                         Petitioner,    :     99 Cr. 157-17
                                        :
            -v-                         :   OPINION AND ORDER
                                        :      OF TRANSFER
UNITED STATES OF AMERICA,               :
                                        :
                         Respondent.    :
                                        :
----------------------------------------X
```

APPEARANCES

For petitioner Oscar Monzon

Michael A. Young
165 Christopher Street, Suite 2D
New York, New York, 10014

For the United States of America

Ryan P. Poscablo
Assistant United States Attorney
U.S. Attorney's Office, S.D.N.Y.
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

Oscar Monzon ("Monzon"), represented by Michael Young ("Young"), has brought a second petition for a writ of habeas corpus. In an Order of March 28, 2013, this Court required counsel for the Government and Mr. Young to address whether: (1) Young may represent Monzon; and (2) whether this petition may be filed in this Court, or whether a motion must first be filed in the Second Circuit Court of Appeals for leave to make a "second

or successive" petition in this Court pursuant to 28 U.S.C. § 2255 ("Section 2255").  The Government's response was received by the Court on April 26, 2013, and Monzon's response was received on May 16, 2013.  For the following reasons, Young may not represent Monzon in connection with this application and this case absent the informed written consent from his former client Domingo Morisset ("Morisset"), and this petition is transferred to the Second Circuit as a "second or successive" petition of purposes of Section 2255, as required by the procedure set forth in Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).

BACKGROUND

Monzon was indicted on April 20, 2000, in two counts with conspiring to distribute crack cocaine and cocaine, and to extort narcotics traffickers.  A third count charged the substantive crime of extortion.  Young represented Morisset, Monzon's co-defendant, in the underlying prosecution.  Morisset became a Government cooperator.  The Government represents that while Young represented Morisset, that defendant provided "significant information and cooperation concerning Monzon."  Young asserts that he has no clear recollection of representing Morisset.

Monzon was convicted at a trial held in 2000.  Just prior to trial, the Government filed a prior felony offender information.  The judge who presided over the trial, the Honorable Robert J. Ward, sentenced Monzon principally to life imprisonment.  Monzon's conviction was affirmed by the Court of Appeals by summary order on June 25, 2003.

On December 9, 2004, Monzon filed a petition for a writ of habeas corpus, and shortly thereafter the case was transferred to this Court.  The claims in his petition were rejected in Orders of October 10, 2006 and March 14, 2007.  <u>See Monzon v. United States</u>, 05 Civ. 1853 (DLC), 2006 WL 2883013 (S.D.N.Y. Oct. 10, 2006).  In connection with those decisions, a hearing was held on the petition's claim that his trial counsel had provided ineffective assistance of counsel.  Monzon asserted that his attorney had not followed through on Monzon's instruction to accept a plea offer from the Government that included a stipulated guidelines range of 121 to 151 months' imprisonment.  At the hearing, the Court found that the Government had never made an offer to Monzon with that guidelines range, that trial counsel had never told Monzon that such an offer had been made, and that Monzon rejected the plea offer that had been extended to him, which was in the range of twenty years.  A motion for reconsideration was rejected on January 9, 2008, and the Court denied a certificate of

3

appealability on that date.  Monzon filed a notice of appeal on March 17, 2008, and the Court of Appeals denied Monzon's application for a certificate of appealability on August 29, 2008, pursuant 28 U.S.C. § 2253(c).

In an Order of May 4, 2011, this Court permitted Young to file a submission on behalf of Monzon premised upon Young's proffer that his representation of Monzon would not "touch upon Monzon's guilt or innocence or seek a mitigation of Monzon's sentence based on any reference to the underlying criminal conduct."  The 2011 submission addressed the impact of 18 U.S.C. § 3852 on a defendant who had been convicted of offenses involving cocaine base or crack.  The Order permitting Young to make the limited application on behalf of Monzon referred to the requirements of New York Rule of Professional Conduct 1.9(a), which applies when counsel is representing a client in a matter that is "substantially related" to the matter in which he represented another client and the interests of the two clients are "materially adverse."  Young filed the application for reduction of Monzon's sentence on June 6, 2011.  The application was denied by the Court on July 1, 2011.  The Second Circuit affirmed the Court's denial of the application on October 10, 2012.

In the instant petition, which bears the date March 20, 2013, and was filed on March 22, 2013, Monzon no longer asserts

4

that the Government made a plea offer of 121 to 151 months which he wished to pursue.  Instead, he asserts that his trial attorney provided ineffective assistance when he conveyed a plea offer of twenty years and advised Monzon that his sentencing guidelines range was thirty years to life.  According to Monzon, the attorney failed to advise Monzon at that time that he faced a potential guidelines enhancement for the use of weapons, and that that enhancement would result in a life sentence under the sentencing guidelines.  As explained by Young, the attorney's advice was deficient because the attorney had not investigated whether the drug conspiracy may have involved guns and had not performed the pertinent guidelines calculations.  In support of his claim Monzon relies on the Supreme Court's decision in Missouri v. Frye, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), which extended the constitutional right of effective assistance of counsel to the plea bargain context, and which Monzon claims provides a basis for relief under Section 2255.

DISCUSSION

The Court declines to address the merits of this successive habeas petition.  Instead, it concludes that the existence of a conflict among clients bars Young from representing Monzon here, and that this petition must be transferred to the Court of Appeals.

1. Conflict

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process."  Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted).  "In deciding whether to disqualify an attorney, a district court must balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession."  GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C., 618 F.3d 204, 209 (2d Cir. 2010) (citation omitted).  Although "decisions on disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules, such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification."  Hempstead Video, Inc., 409 F.3d at 132 (citation omitted).  Federal courts adjudicating questions involving the ethics of New York attorneys look to the New York Rules of Professional Conduct for guidance.  See, e.g., id. at 133 (relying on a previous version of the New York attorney professional conduct rules); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 518 F.2d 751, 753 (2d Cir. 1975)(same);  Pierce & Weiss, LLP v. Subrogation Partners LLC, 701 F. Supp. 2d 245, 255-56 (E.D.N.Y. 2010) (relying on the

current New York Rules of Professional Conduct in adjudicating an attorney disqualification motion).

New York Rule of Professional Conduct 1.9 ("Rule 1.9") addresses the type of conflict-of-interest question presented here, and can provide guidance.  See, e.g., Silver Chrysler Plymouth, Inc., 518 F.2d at 753 ("A starting point is of necessity the Code of Professional Responsibility").  Rule 1.9 governs an attorney's duties to former clients with respect to potential conflicts of interest in future representation of other clients.  It provides that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

N.Y. Rules of Prof'l Conduct § 1.9.

The matters presented in the current petition are "substantially related" to Young's representation of Morisset for purposes of Rule 1.9.  The Second Circuit has determined that the "substantial relationship" test is met when "the relationship between issues in the prior and present cases is patently clear . . . [and when] the issues involved have been 'identical' or 'essentially the same.'"  Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739-40 (2d Cir. 1978) (citation omitted).  "[A] court should not require proof that an attorney

7

actually had access to or received privileged information while representing the client in a prior case." Id. at 740.

Young may not represent Monzon in connection with the current petition absent Morisset's informed written consent because his doing so risks the use of information over which Morisset has a right of confidentiality. The current petition concerns whether firearms were involved in the underlying criminal conduct and raises issues of ineffective assistance of counsel in that regard. If successful, this petition would result in Monzon's resentencing, and give him the opportunity to make any sentencing arguments available to him, including arguments addressed to the extent of his culpability, including his relative culpability vis a vis other co-defendants like Morisset. These issues directly implicate Monzon's conduct and sentence, and require Young to obtain Morisset's informed written consent before Young may represent Monzon. See Government of India, 569 F.2d at 740 (affirming a district court's disqualification of an attorney on the ground that confidential information the attorney learned in a prior representation was implicated).

Young asserts three reasons why this conflict does not bar his representation of Monzon. He asserts that he does not recall representing Morisset or anything Morisset may have told him. Second, he believes that if Monzon waives the conflict,

8

then Morisset's waiver is unnecessary.  Thirdly, he argues that this petition does not touch upon issues of guilt, since it is undisputed that firearms were involved in the underlying criminal conduct.  None of these arguments relieves Young of the burdens of this conflict.

First, the conflict is not cured by Young's present failure of recollection.  The right to loyal counsel who will maintain the confidentiality of communications and not take any materially adverse position to his former client in substantially related matters survives both the active representation of the client and the vagaries of his counsel's recollection.  "Even after representation has concluded, a lawyer may not reveal information confided by a former client, or use such information to the disadvantage of the former client or the advantage of a third party."  Tekni-Plex, Inc. v. Meyner & Landis, 89 N.Y.2d 123, 130 (1996).

In addition, the right to an attorney who will respect the duties of confidentiality and loyalty is personal to the client.  See, e.g., In re von Bulow, 828 F.2d 94, 100 (2d Cir. 1987)("the [attorney-client] privilege belongs solely to the client and may only be waived by him.  An attorney may not waive the privilege without his client's consent."); Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551, 556 (2d Cir. 1967) ("the privilege is the client's, not the attorney's").  It cannot be waived by

9

another person, including most certainly counsel's current client.

At too many of these junctures, the interests of Morisset and Monzon may be in conflict. Accordingly, Young is disqualified from further representation of Monzon unless he obtains Morisset's informed written consent to waive the conflict inherent in that representation.

2. Successive Petition

The 2013 petition is Monzon's second habeas petition. Pursuant to Section 2255(h), Monzon was required to file a motion in the Court of Appeals for leave to file this successive petition with this Court. 28 U.S.C. § 2255(h). Section 2255(h) provides that a "second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals." The relevant part of Section 2244 referenced in 2255(h) is Section 2244(b)(3)(A), which provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). See also Magwood v. Patterson, 130 S. Ct. 2788, 2796, 177 L. Ed. 2d 592 (2010).

Although the term "second or successive" is not defined in Sections 2244 or 2255, the Second Circuit has determined that "[g]enerally, a § 2255 petition is 'second or successive' if a prior § 2255 petition, raising claims regarding <u>the same conviction or sentence</u>, has been decided <u>on the merits</u>." <u>Corrao v. United States</u>, 152 F.3d 188, 191 (2d Cir. 1998) (emphasis added). Because this petition raises claims regarding the same conviction at issue in Monzon's first habeas corpus petition which was decided on the merits by this Court in 2006 and 2007, it is a "second or successive" petition for purposes of Section 2255 and this Court is without jurisdiction to decide it absent leave from the Court of Appeals.

The Second Circuit has ruled that

> when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Court of Appeals] in the interest of justice pursuant to 28 U.S.C. § 1631.

<u>Liriano</u>, 95 F.3d at 123.

The Second Circuit has also held that "reaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the AEDPA's gatekeeping provisions" and that district courts should transfer successive petitions without ruling on the merits. <u>Corrao</u>, 152 F.3d at 191. Consequently, this petition must be transferred to the Second

11

Circuit pursuant to Section 1631.  No ruling can be made on the merits here.

In his petition, Monzon appears to confuse the questions of whether this petition constitutes a "second or successive" habeas petition and whether a motion for leave to the Second Circuit for permission to file a second habeas petition would be timely.  Whether such a motion in the Second Circuit would be timely is not a question for this Court to determine.

And while Monzon's petition is not entirely clear, it is possible that he is under the impression that there is an exception to the requirement that a petitioner obtain leave from the Court of Appeals before filing a "second or successive petition" for habeas petitions predicated on Section 2244(b)(2)(A), which permits a court to grant relief based "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  If Monzon is under this belief he is mistaken.  Recognizing such an exception is directly foreclosed by subsection 2244(b)(3)(A), which governs the application of Section 2244(b)(2)(A), and expressly mandates that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. §

2244(b)(3)(A) (emphasis added).  Subsection 2244(b)(2)(A) is part of "this section," or Section 2244, and the requirement that a person making a "second or successive petition" first obtain leave from the Second Circuit Court of Appeals applies.

Finally, Monzon asserts that he is entitled to equitable tolling because he has consistently challenged his conviction and the Frye decision is an extraordinary event that makes his filing timely.  Again, whether timely or not, this is a second petition and Section 2255 requires Monzon to make a motion to the Second Circuit Court of Appeals for leave to file a petition before this Court.

CONCLUSION

Young is precluded from representing Monzon on this matter absent an informed written waiver from Morisset. This successive habeas corpus petition must be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631, in the interest of justice, for a determination of whether the petitioner's successive § 2255 petition may proceed in this Court. The Clerk is directed to transmit this Order and the attached motion to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631, and to close this case on the docket of this Court.

SO ORDERED:

Dated:   New York, New York
         September 9, 2013

                              _____
                                       DENISE COTE
                              United States District Judge