```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
                                   :
UNITED STATES OF AMERICA           :
                                   :
                                   :         99cr157 (DLC)
              -v-                  :
                                   :         OPINION AND ORDER
OSCAR MONZON,                      :
                                   :
                Defendant.         :
                                   :
---------------------------------- X
```

APPEARANCES

For the United States of America:
United States Attorney
Southern District of New York
Geoffrey S. Berman
Derek Wikstrom
One Saint Andrew's Plaza
New York, NY 10007

For the defendant:
Oscar Monzon, pro se
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954

DENISE COTE, District Judge:

Oscar Monzon has moved pursuant to 18 U.S.C. § 3582(c)(1)(A) for a reduction of sentence based on health. For the following reasons, the application is denied.

**Background**

In 2001, Monzon was sentenced by the Honorable Robert Ward to life in prison following his conviction at trial. Monzon suffered a heart attack in May of 2015. On August 27, 2018,

this Court reduced Monzon's sentence to 360 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  Monzon is currently imprisoned in the general population at the Federal Correctional Institution Schuylkill and due to be released in January 2028.

On November 13, 2019, Monzon filed a motion pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) for a reduced sentence.  The Government opposed the motion on December 6 due to Monzon's failure to exhaust his administrative remedies and on the merits.  There is no record that Monzon made a request to the warden of the facility in which he is incarcerated for relief pursuant to § 3582(c)(1)(A).

## **Discussion**

Section 3582(c) begins with the principle that a "court may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  As it applies to this motion, § 3582(c)(1)(A) permits a court to reduce the sentence of a federal inmate where, after consideration of the § 3553(a) factors, a court finds "extraordinary and compelling reasons" that warrant such a reduction.  18 U.S.C. § 3582 (c)(1)(A)(i).  The court may consider such a motion when the motion is made by the Director of the Bureau of Prisons ("BOP") or when it has received a "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).[1]

Monzon's motion is denied for his failure to exhaust his administrative remedies, as required by § 3582(c)(1)(A). The Director of the BOP has not sought a reduction of sentence and Monzon has not requested the warden of his facility to make a motion on his behalf.

The provenance of an administrative exhaustion requirement determines its scope. "[J]udge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016). When Congress includes administrative exhaustion in the relevant statute, by contrast, "courts have a role in creating exceptions only if Congress wants them to." Id.

---

[1] The procedural vehicle before the Court -- a prisoner-initiated motion for compassionate release under § 3582(c)(1)(A) -- was added in December 2018. Prior to the 2018 amendment, the sole means of adjudication under § 3582 (c)(1)(A) was pursuant to a motion by the BOP. The First Step Act of 2018 permitted inmates to move for sentence reduction on their own, but only after full exhaustion of their administrative rights to appeal a BOP decision not to bring a motion or 30 days after they had petitioned the warden of their facility to bring a motion for compassionate release on their behalf. Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). The mandatory language in § 3582(c), however, has remained unchanged since the provision's inception. Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837, 1998 (1984).

3

The Supreme Court has explained that some statutory preconditions are jurisdictional, a designation that carries the obligation of courts to consider the requirement sua sponte and enables defendants to raise it at any point in the proceedings. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). Those statutory prerequisites to litigation that are not jurisdictional create claim-processing rules. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1849 (2019). Claim-processing requirements are mandatory but may be forfeited if not timely raised. Id.

While the Second Circuit has not yet answered the question of whether § 3582(c) is jurisdictional, several courts of appeals have read the prescription that a "court may not modify a term of imprisonment" unless one of the exceptions is met as a jurisdictional directive. See United States v. Spears, 824 F.3d 908, 912 (9th Cir. 2016) (affirming district court dismissal on jurisdictional grounds where petitioner did not meet requirements of § 3582(c)(2)); United States v. Spaulding, 802 F.3d 1110, 1124 (10th Cir. 2015) ("[Section] 3582(c) acts as a jurisdictional limitation on the ability of district courts to alter previously imposed sentences of imprisonment."); United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam)("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific

4

circumstances enumerated by Congress in 18 U.S.C. § 3582."); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [petitioner's] request."). In United States v. Taylor, 778 F.3d 667 (7th Cir. 2015), the Court of Appeals for the Seventh Circuit disagreed and held that § 3582(c) is not jurisdictional because it is outside the jurisdictional provisions of the criminal code and not "phrased in jurisdictional terms." Id. at 670-71. See also United States v. Calton, 900 F.3d 706, 710-11 (5th Cir. 2018) (rejecting an implied jurisdictional prohibition on successive petitions under § 3582(c)(2)).

It is unnecessary to resolve here whether § 3582(c) creates a jurisdictional bar to the modification of Monzon's sentence or simply sets forth a statutory exhaustion requirement. If it imposes the latter, it must be "strictly enforce[ed]." Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."). The BOP has not brought the current motion and Monzon has not exhausted his administrative remedies. Consequently, the Court cannot grant his motion for sentence reduction.

**Conclusion**

Monzon's November 13, 2019 motion for a reduced sentence is denied. Because Monzon has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court shall close the case.

Dated: New York, New York
February 4, 2020

_____
DENISE COTE
United States District Judge

COPY MAILED TO:

Oscar Monzon
49173-054
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954